# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DIANE R. PURSER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:08-CV-2466-CAP-CCH |
| v. | ) | |
| | ) | |
| WEINSTOCK & SCAVO, P.C., and | ) | |
| LOUIS R. COHAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## W&S PARTIES' BRIEF IN SUPPORT OF THEIR MOTION FOR SANCTIONS

COME NOW, Weinstock & Scavo, P.C. ("W&S") and Louis R. Cohan ("Cohan") (collectively "W&S Parties"), and hereby file this Brief in Support of their Motion for Sanctions pursuant to Fed. R. Civ. P. 11 and 15 U.S.C. § 1692k(a)(3), and show this Honorable Court as follows:

## INTRODUCTION

On or about July 31, 2008 Plaintiff and her counsel initiated the instant lawsuit by filing a Complaint. The thrust of said Complaint is that Plaintiff seeks to recover damages under the Fair Debt Collection Practices Act, Georgia Fair Business Practices Act, and the Georgia Unfair or Deceptive Practices Toward the Elderly Act. See Complaint. Plaintiff alleges that she suffered damages as a result

of conduct occurring during her August 3, 2007 deposition (the "August deposition") in the related case, <u>Diane R. Purser v. Trauner, Cohen & Thomas, LLP, et. al.</u>, U.S.D.C., N.D., Ga., Civil Action File No.: 1:07-CV-395-JOF (hereinafter "*Purser I*").

As more specifically set forth in the W&S Parties' Motion to Dismiss and Brief in Support, filed contemporaneously with the service of this Motion for Sanctions, Plaintiff's Complaint fails to state a claim. The W&S Parties' Motion to Dismiss and Brief in Support (referred to hereinafter as "Motion to Dismiss") are hereby incorporated by reference.

In addition to the arguments set forth in the W&S Parties' Motion to Dismiss, it is of further importance that Judge Forrester directly cautioned against the merit of this action. On June 23, 2008, Judge Forrester issued an Order in *Purser I*. A true and correct copy of the June 23 Order is attached as Exhibit "A." Judge Forrester's June 23, 2008, Order, commented on Plaintiff's demands to the W&S Parties which were based on the conduct during the August deposition and sought the relief which is now sought in this action. Judge Forrester directed:

> [b]efore such action would be undertaken by Plaintiff's counsel, the court assumes Plaintiff's counsel would need to consider whether the action had any arguable merit. While the Fair Debt Collection Practices Act can be said to cover the actions of debt collectors, including attorneys, there is no indication that it covers acts of litigation in

>    defending a suit under the Fair Debt Collection Practices
>    Act

See June 23 Order at p. 2 (citations omitted).

Notwithstanding Judge Forrester's June 23 Order and the fact that Plaintiff previously asserted these same claims in *Purser I*, Plaintiff filed this action. For these reasons, and as more specifically set forth in the W&S Parties' Motion to Dismiss, this action is entirely meritless and therefore, frivolous and deserving of sanctions as permitted by Fed. R. Civ. P. 11 and 15 U.S.C. § 1692k(a)(3).

Prior to filing this Motion, the undersigned counsel served it upon Plaintiff, care of her counsel, and upon counsel for Plaintiff. A true and correct copy of the transmittal letter is attached hereto as Exhibit "B." Service of this Motion was more than twenty-one (21) days prior to the date of the filing. Notwithstanding same, Plaintiff and her counsel have failed and refused to dismiss the instant action.

## ARGUMENT AND CITATIONS TO AUTHORITY

This Motion for Sanctions is brought pursuant to both Fed. R. Civ. P. 11 and 15 U.S.C. § 1692k(a)(3). First, with respect to Rule 11, this Circuit has noted that Rule 11 "stresses the need for some prefiling inquiry." See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). Fed. R. Civ. P. 11 states that

>    By presenting to the court a pleading, written motion, or

>other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

In issuing sanctions under Rule 11, "…the Court must determine whether defendant's claims were objectively frivolous and if so, whether the person who signed the pleadings should have been aware, upon making a reasonable inquiry, of that fact." U.S. v. Barker, 182 F.R.D. 661, 663 (S.D.Ga. 1998) (relying on Worldwide Primates, Inc.). Before filing a Complaint, the attorney must engage in a reasonable inquiry into the legal and factual basis of said suit. Worldwide

Primates, Inc., 87 F.3d at 1255.  If a violation of Rule 11 exists, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  See Fed. R. Civ. P. 11(c)(1); see also Worldwide Primates, Inc., 87 F.3d at 1254 (noting that the "[i]mposition of sanctions on the attorney rather than, or in addition to, the client is sometimes proper since it may well be more appropriate than a sanction that penalizes the parties for the offenses of their counsel." (internal quotations omitted)).

Similar to Rule 11, the FDCPA provides for attorneys' fees and costs "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3).  At least one Court in the Northern District of Georgia has addressed the "bad faith" standard under this section.  See Black v. Equinox Financial Management Solutions, Inc., 444 F.Supp.2d 1271 (N.D.Ga. 2006).  In Black, Judge Martin relied on other federal courts which have recognized "[b]ad faith is 'not simply bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will.'" Id. at 1275 (quoting to Shah v. Collecto, Inc., 2005 WL 2216242 (D.Md. 2005)).  Additionally, Judge Martin noted "[t]he hallmark of a bad-faith lawsuit is one 'where the suit is so completely without hope

of succeeding that the court can infer that the plaintiff brought the suit to harass ... rather than to obtain a favorable judgment.'" Black, 444 F.Supp.2d at 1275 (quoting Glick v. Koenig, 766 F.2d 265, 270 (7th Cir.1985)).

In this case, sanctions pursuant to both Rule 11 and § 1692k(a)(3) are warranted.  As noted above, the W&S Parties filed a Motion to Dismiss in this case. The facts, argument, and citation of authority set forth in the W&S Parties' Motion to Dismiss, which have been incorporated to this Motion, demonstrates that Plaintiff's claims are without merit.  Not only are Plaintiff's claims barred and without merit, but Judge Forrester directly cautioned against bringing this action. See June 23 Order.  The fact that Plaintiff and her counsel have ignored Judge Forrester's June 23 Order and proceeded with this lawsuit further demonstrates that sanctions should be imposed against Plaintiff and her counsel pursuant to Rule 11 and § 1692k(a)(3).

Sanctions are appropriate for filing and maintaining this frivolous lawsuit notwithstanding a request to dismiss same more than twenty-one (21) days prior to the filing of this Motion.  The safe harbor provision set forth in Fed. R. Civ. P. 11 is intended to give Plaintiff and her counsel a fair opportunity to avoid sanctions and remedy their actions.  Nevertheless, Plaintiff and her counsel were given that opportunity and have failed to take advantage of it.

The W&S Parties have not brought this Motion out of any selfish desire to obtain a monetary award from Plaintiff or her counsel.  Rather, this Motion has been filed only because Plaintiff and her counsel have failed and refused to dismiss the Complaint despite the opportunity to withdraw the same.  This Motion has been filed to deter Plaintiff, her counsel, and others from engaging in such practices.  In fact, to further that intent, to the extent this Court imposes sanctions against Plaintiff and/or her counsel, the W&S Parties have no objection to this Court requiring the award to be paid to Atlanta Legal Aid Society or any other professional organization that this Court deems appropriate.

## CONCLUSION

For the reasons set forth above, the W&S Parties request that this Court impose such other and further sanctions as the Court deems just and appropriate under the circumstances.

## CERTIFICATION OF FONT TYPE AND SIZE

The undersigned counsel for the W&S Parties hereby certifies that this **W&S Parties' Brief in Support of Their Motion for Sanctions** has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C.

Respectfully submitted this 15th day of September, 2008.

  /s/ Michael Weinstock
Michael Weinstock
Georgia Bar No. 746454
Louis R. Cohan
Georgia Bar No. 173357
Matthew R. Rosenkoff
Georgia Bar No. 842117

*Attorneys for W&S Parties*
3405 Piedmont Road, N.E., Suite 300
Atlanta, Georgia  30305
(404) 231-3999
(404) 231-1618 (facsimile)
Email: mweinstock@wslaw.net
Email: lcohan@wslaw.net
Email: mrosenkoff@wslaw.net

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DIANE R. PURSER,           ) | |
| )                          | |
| Plaintiff,            )    | CIVIL ACTION FILE NO. |
| )                          | 1:08-CV-2466-CAP-CCH |
| v.                         ) | |
| )                          | |
| WEINSTOCK & SCAVO, P.C., and ) | |
| LOUIS R. COHAN,            ) | |
| )                          | |
| Defendants.           )    | |
| )                          | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    Cristina I. Kaiden & Robert A. Kaiden   (kaidenlaw@msn.com)
    Ralph S. Goldberg   (attorneygoldberg@hotmail.com)

Respectfully submitted this 15th day of September, 2008.

**WEINSTOCK & SCAVO, P.C.**

  /s/ Michael Weinstock
Michael Weinstock
Georgia Bar No. 746454
Louis R. Cohan
Georgia Bar No. 173357
Matthew R. Rosenkoff
Georgia Bar No. 842117

3405 Piedmont Road, N.E., Suite 300
Atlanta, Georgia 30305
(404) 231-3999
(404) 231-1618 (facsimile)
Email: mweinstock@wslaw.net
Email: lcohan@wslaw.net
Email: mrosenkoff@wslaw.net